UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MATTHEW ORSO and**
**NATIONWIDE JUDGMENT**
**RECOVERY, INC.,**

    Plaintiffs,

v.                                                                                       Case No: 5:21-mc-19-JSM-PRL

**TODD DISNER, TRUDY GILMOND,**
**TRUDY GILMOND, LLC, JERRY**
**NAPIER, DARREN MILLER,**
**RHONDA GATES, DAVID**
**SORRELLS, INNOVATION**
**MARKETING, LLC, AARON**
**ANDREWS, SHARA ANDREWS,**
**GLOBAL INTERNET FORMULA,**
**INC., T. LEMONT SILVER, KAREN**
**SILVER, MICHAEL VAN LEEUWEN,**
**DURANT BROCKETT, DAVID**
**KETTNER, MARY KETTNER,**
**P.A.W.S. CAPITAL MANAGEMENT,**
**LLC, LORI JEAN WEBER,**
**ZEEKREWARDS.COM, and ANITA**
**BROWN**

    Defendants.

## ORDER

This matter is before the Court on the motions of Nationwide Judgment Recovery, Inc. as assignee of Plaintiff Matthew E. Orso, in his capacity as court-appointed successor receiver for Rex Venture Group, LLC ("Plaintiff") for issuance of writs of garnishment as to Regions Bank, N.A. (Doc. 2) and Bank of America, N.A. ("Garnishees") (Doc. 3). On August 14, 2017, Plaintiff obtained a judgment in the United States District Court for the Western

District of North Carolina against each member of a Defendant class, including Defendant Anita Brown in the amount of 105,610.98. (Docs. 1, 5).

On July 27, 2021, Plaintiff registered the judgment with this Court. (Doc. 1). Plaintiff filed the correct final judgment as to Anita Brown on January 4, 2022. (Doc. 5). There remains due and owing $105,610.98, plus post-judgment interest. Now, Plaintiff moves for the writs of garnishment and suggests that each Garnishee may have in its possession and control certain monies or property belonging to Defendant Brown sufficient to satisfy the judgment in whole or in part. Pursuant to Fed. R. Civ. P. 69, the Court must follow state law regarding garnishment procedures. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

Accordingly, upon due consideration, Plaintiffs' motions for issuance of writ of garnishment (Docs. 2 & 3) are **GRANTED**, and the Clerk is directed to issue the Writs of Garnishment (including the Notice and Claim of Exemption) attached to each motion. (Docs. 2-1, 3-1). Plaintiff must fully comply with all notice requirements of §77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on January 7, 2021

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties